# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAQUEL MONE BELCHER,<br><br>                              Defendant. | Criminal No.  15-142(2) (JRT/SER)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION** |

Raquel Mone Belcher, No. 47981-424, Federal Correctional Institution – Dublin, 5701 Eighth Street – Camp Parks, Dublin, CA  94568, *pro se* defendant.

Raquel Mone Belcher, currently serving a 52-month term in the custody of the Bureau of Prisons ("BOP"), moves for a judicial recommendation to the BOP that she be allowed to serve the last 10 months of her term in a Residential Reentry Center ("RRC"). Because Belcher has not yet demonstrated that her case warrants such a recommendation, the Court will decline to issue one at this time.

## BACKGROUND

In 2016, Raquel Mone Belcher pled guilty to the crime of conspiracy to engage in sex trafficking of a minor in violation of 18 U.S.C. § 371. (Plea Agreement, Jan. 25, 2016, Docket No. 84.)  Belcher's counsel requested a downward variance from the 60-month Guidelines sentence based in part on the fact that she was herself sexually abused as a minor; the United States requested a 60-month sentence based on the seriousness of the

offense and Belcher's other significant – albeit unrelated – criminal conduct.  (Belcher's Sentencing Mem., June 14, 2016, Docket No. 97; U.S. Sentencing Mem., June 13, 2016, Docket No. 96.)  The Court sentenced Belcher to 52 months in BOP custody and 10 years of supervised release.  (Sentencing J. at 2-3, July 5, 2016, Docket No. 104.)  Now roughly two years into her sentence, Belcher moves for a judicial recommendation to the BOP that she be allowed to serve the last 10 months of her term in an RRC.  (Mot., May 4, 2018, Docket No. 134.)

## DISCUSSION

Belcher believes that time in RRC placement at the end of her term of custody would allow her to further her education and better reintegrate into society.  (*Id.* at 2.)  Pursuant to Section 251 of the Second Chance Act of 2007, Pub. L. No. 110-199, the BOP is required to ensure, to the extent practicable, that a prisoner spends a portion of the final months of his term "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Courts may offer non-binding recommendations as to when and where that placement should occur.  *Id.* § 3621(b).

The Court recently considered a similar motion for a judicial recommendation in *United States v. Booker*, Criminal No. 13-3, 2018 WL 2247261 (D. Minn. May 16, 2018). There, the Court explained that:

> the cases where sentencing courts have elected to exercise their discretion to issue a recommendation involve unique evidence. For example, one court issued a recommendation when a prisoner had not only completed a variety of programs and

> earned his GED but also had two letters of recommendation from BOP supervisors describing both his technical expertise and strength of character. *United States v. Baker*, No. 3:01-94-01, 2013 WL 355867, at *1-2 (M.D. Ala. Jan. 29, 2013). Another prisoner who earned a recommendation had a "gate pass" that permitted him to leave the facility each day to conduct his job duties. *United States v. Brattin*, No. 2:13-161, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016). A third had cooperated with prosecutors in his case. *United States v. Bartels*, No. 12-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016). A fourth had no prior criminal history and had been allowed to remain free on bond for 18 months during the pendency of his appeal. *United States v. Qadri*, No. 06-00469, 2017 WL 1011663, at *1-2 (D. Haw. Mar. 15, 2017).

*Booker*, 2018 WL 2247261 at *2. Belcher cites similar cases. *See United States v. Bhamani*, No. 2:10-00327, 2017 WL 2992455, at *2 (E.D. Cal. July 14, 2017) (noting that the prisoner was selected to deliver the commencement speech at his Big Brothers mentorship program graduation); *United States v. Brown*, No. 12-20070, 2017 WL 2962878, at *1-2 (E.D. Mich. July 12, 2017) (noting that the prisoner volunteered as a tutor and a fire crew member and had been accepted to a university degree program).

Belcher submits evidence that she has earned her GED and successfully completed an anger management program, drug-abuse treatment, and a lengthy series of vocational trainings and continuing education courses during her term in prison. (Mot. at 2, Exs. A-Z, May 4, 2018, Docket No. 134-1; Mot. at 2, Ex. AA, May 4, 2018, Docket No. 134-2.) Belcher further states that she "has a stellar prison record and support from prison staff," (*id.*), but does provide any documentary evidence – such as proof of a clear disciplinary record or evaluations from supportive instructors or prison staff – to substantiate this claim. *See Baker*, 2013 WL 355867 at *1-2 (considering two letters of recommendation).

Belcher's academic accomplishments are undoubtedly impressive, but on their own they are insufficient to justify the recommendation she seeks. Absent additional documentary evidence, Belcher's motion will be denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Judicial Recommendation [Docket No. 134] is **DENIED**.

DATED: July 3, 2018                          _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM  
                                                         Chief Judge  
                                         United States District Court